# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERRY BENTLEY,**
**Claimant Below, Petitioner**

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 15-1165** (BOR Appeal No. 2050540)
(Claim No. 2014008949)

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Bentley, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consol of Kentucky, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed a May 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 24, 2014, decision holding the claim compensable for post-traumatic stress disorder; fracture of shaft of radius, open; fracture of shaft of ulna, open; and crushing injury of the forearm; but excluding the conditions of cervicalgia and lumbago from compensability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bentley, a heavy equipment mechanic for Consol of Kentucky, Inc., was working on September 15, 2013, when his right forearm was pinned between his mechanic truck and the front tire of a rock truck. He was treated at Charleston Area Medical Center and found to have a fracture of the right radius and ulna. From the date of the injury through November 27, 2013, Mr.

1

Bentley had four surgeries to his arm and some psychiatric treatment. The treatment for that period of time only involved his arm and psychiatric treatment. However, treatment records dated from May 6, 2014, to July 9, 2014, from Hilltop Primary Care document that Mr. Bentley began complaining of lower back pain. He also began complaining of neck pain with radiation into the shoulder and arm.

Records from Hilltop Primary Care in September of 2014 show that Mr. Bentley was complaining of posterior neck pain, low back pain with radiation, and right upper extremity hand pain and weakness including the right shoulder. He stated the onset of this pain occurred during the crushing injury in which his entire body was struck by a heavy truck and pinned between the truck and a large tire of a rock truck. Geraldine Hatfield, APRN, requested that lumbago, neck pain, hyperlipidemia, and cervical disc disorder be added as compensable conditions.

Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation and his report dated September 2, 2014, was introduced into evidence. Dr. Mukkamala found that on the date of injury, Mr. Bentley's right forearm was pinned between the mechanic truck and the tire of the rock truck. He had multiple surgeries between September 15, 2013, and November 27, 2013. His treatment, except for psychiatric treatment, had been confined to the right arm. Dr. Mukkamala reviewed extensive medical records dated May 6, 2014, which is after the date of injury. He opined that these did not mention Mr. Bentley's neck or low back until well after the injury. An x-ray of the cervical spine had been taken on April 3, 2014, which showed straightening of the usual cervical curvature with minimal, grade 1 anterolisthesis of C2 and C3. There was also degenerative disc disease with anterior end-plate spurring at the C6-7 level. A lumbar x-ray performed on April 3, 2014, showed a mild scoliotic curvature of the upper lumbar spine. There was multilevel degenerative disc disease. There were no fractures, deformities, or subluxations.

On September 24, 2014, the claims administrator held the claim compensable for post-traumatic stress disorder; fracture of shaft of radius, open; fracture of shaft of ulna, open; and crushing injury of the forearm. The claims administrator excluded the conditions of cervicalgia and lumbago. On November 17, 2014, treatment records from Hilltop Primary Care authored by Ms. Hatfield indicated that Mr. Bentley was complaining of weakness in the right hand, low back pain, headaches, and flashbacks from the injury since the date of injury. She opined that he suffered a crush injury of his entire body when his entire body was struck by heavy equipment and crushed against the front tire of a large truck. She requested that in addition to the other compensable diagnoses, lumbago, neck pain, cervical disc disorder, and secondary hypertension all be added as compensable conditions. Ms. Hatfield completed a diagnosis update stating the same two days later.

The Office of Judges determined that cervicalgia and lumbago should not be added as compensable conditions. The Office of Judges found that while Mr. Bentley's injuries were very significant, they involved only his right upper extremity. The Office of Judges found that Mr. Bentley was having problems with his low back of a significant nature a month before the injury, when he went to Hill Chiropractic Center. There he stated that his back pain was seven out of ten. He told Cliff Hill, D.C., that he had back problems for two weeks, which was caused by

lifting weights. The Office of Judges also found that Mr. Bentley's complaints of lower back pain following the compensable injury did not begin until May 6, 2014, when he went to Hilltop Primary Care. The Office of Judges also noted that Ms. Hatfield, Mr. Bentley's primary care provider appeared to have a mistaken understanding as to the nature of the injury. She believed that his entire body was crushed when it was apparent that only his right arm was crushed. Due to the pre-existing lower back pain, the failure to complain of a lower back injury directly after the injury, the nature of the injury, and Ms. Hatfield's misunderstanding of the injury, the Office of Judges concluded that the claims administrator was correct in rejecting the conditions of cervicalgia and lumbago. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decisions of the claims administrator, Office of Judges, and Board of Review. Mr. Bentley did not submit sufficient evidence to demonstrate a connection between the diagnosed cervicalgia and lumbago and the compensable injury. The evidence shows that he had pre-existing back pain, that the compensable injury did not involve more than his arm, that he did not report lower back problems until well after the injury, and that his healthcare provider did not have an accurate understanding of the nature of the injury. Because the Office of Judges and Board of Review supported their conclusions with credible and valid evidence, their decisions are not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum